FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2018 OCT 15  PM 4: 08

UNITED STATES OF AMERICA

v.

BRIAN KUCHARSKI

CASE NO. 6:18-cr- 233-ORL 37-GJK

18 U.S.C. § 1341

## INFORMATION

The United States Attorney charges:

## COUNT ONE

## A. **Introduction**

At all times material to this Information:

1.  The defendant's center of operation was his residence in Lake Mary, Florida, which was in the Middle District of Florida.

2.  eBay Inc. (eBay) is a multinational e-commerce corporation based in San Jose, California, that facilitates consumer-to-consumer and business-to-consumer sales through its website.

3.  PayPal Holdings, Inc. (PayPal) is an American company operating a worldwide online payments system that supports online money transfers and serves as an electronic alternative to traditional paper methods like checks and money orders.

## B. The Scheme and Artifice

4     Beginning on or about a date unknown, and continuing through on or about May 9, 2018, in the Middle District of Florida, and elsewhere, the defendant,

BRIAN KUCHARSKI

did knowingly, willfully, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, utilizing the United States Postal Service for the purpose of executing such scheme.

## C. The Manner and Means of the Scheme and Artifice

5     The manner and means by which the defendant, BRIAN KUCHARSKI, sought to accomplish the scheme and artifice included, among others:

a.     It was part of the scheme and artifice that the defendant, BRIAN KUCHARSKI, and a known accomplice would and did use stolen and fraudulently obtained personal identifying information, including names and dates of birth of individuals, to create fraudulent eBay and PayPal accounts.

b.     It was further part of the scheme and artifice that the defendant negotiated the fraudulent sale of products, predominantly gift cards, through eBay.

c.     It was further part of the scheme and artifice that the defendant caused the eBay customers to issue payments via the fraudulent PayPal accounts.

d.     It was further part of the scheme and artifice that the defendant, BRIAN KUCHARSKI, and his accomplice instead of mailing the purchased item to the customers, used the United States Postal Service to disguise their fraudulent activities.   To that effect, the defendant, BRIAN KUCHARSKI, and his accomplice mailed random items to other innocent individuals, and used the United States Postal service tracking numbers to represent to eBay and its customers that they had mailed the purchased items. As a result, eBay customers never received the purchased items, and eBay routinely denied their demands for refund.

e.     It was further part of the scheme and artifice that the defendant, BRIAN KUCHARSKI, and his accomplice used the fraudulently obtained proceeds of their illegal activities to purchase precious metals, which they received through the United States Postal Service.

3

## D. **Execution of the Scheme and Artifice**

6.     On or about February 1, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### BRIAN KUCHARSKI,

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly, willfully, and with intent to defraud, place, deposit, and cause to be placed in a post office, according to the direction thereon, certain matters and things, that is, a package, sent and delivered via the United States Postal Service to T.W.'s address.

All in violation of 18 U.S.C. §§ 1341 and 2.

## FORFEITURE

1.     The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, a money judgment in the amount of $64,000, which represents the proceeds of the offense.

4.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Ilianys Rivera Miranda
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division